# United States District Court
# District of Massachusetts

JORDAN RICE,
    Plaintiff,

        v.                          CIVIL ACTION NO. 2013-12046-RBC

LUIS SPENCER,
    Defendant.

## ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED IN FORMA PAUPERIS (#3) AND FOR APPOINTMENT OF COUNSEL (#4)

COLLINGS, U.S.M.J.

    1.    The motion (#2) for leave to proceed in forma pauperis is DENIED WITHOUT PREJUDICE.

    To proceed with an action without the prepayment of fees, a prisoner must file a motion to proceed in forma pauperis with "a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The court then assesses, and when funds exist, collects from the prisoner an initial partial filing fee of 20% of the average monthly deposits or the average monthly

balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.  *See* 28 U.S.C. § 1915(b)(1).  The prisoner pays the rest of the $350.00 filing fee[1] over a period of time.  *See* 28 U.S.C. § 1915(b)(2).[2]

Here, Rice did not provide the required prison account statement.  He filed prison account statements covering the following periods: March 25, 2012-April 25, 2012; June 13, 2012-July 13, 2012; and July 1, 2012-August 1, 2012.  Taken together, these three documents cover a period of less than three months in 2012.  The information is stale and incomplete.

Accordingly, Rice's plaintiff's motion for leave to proceed without prepayment of the filing fee is hereby <u>DENIED WITHOUT PREJUDICE</u>.  If plaintiff elects to proceed with this action, within 21 days of the date of this Procedural Order, he either must (1) pay the $400.00 filing and administrative fees; or (2) file a renewed motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement.  Failure of plaintiff to comply with this directive may result in a dismissal of this action without prejudice.

The Clerk shall provide plaintiff with an Application to Proceed in District

---

[1] The filing fee for a non-habeas civil case is $350.00.  *See* 28 U.S.C. § 1914(a).  An additional $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*.  *See* Judicial Conference District Court Miscellaneous Fee Schedule, para. 14.

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status.  Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the $350.00 fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Court Without Prepaying Fees or Costs.  The Clerk shall also send a copy of this Procedural Order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement.  The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period.

     2.    The motion for appointment of counsel (#4) is <u>DENIED WITHOUT PREJUDICE</u>.

Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel."  28 U.S.C. §1915(e)(1).  However, a civil plaintiff lacks a constitutional right to free counsel.  *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. Cir. 1991).  To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights.  *See id.*  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  *See id.* at 24.

Here, because Rice has not filed a complaint, the Court cannot determine whether this case presents exceptional circumstances that would justify the appointment of pro bono counsel.  The plaintiff may renew his motion once the

complaint is filed, summons issue, the defendant is properly served, and the defendant has responded to the complaint.

    SO ORDERED.

                  /s/ Robert B. Collings
                  ROBERT B. COLLINGS
                  United States Magistrate Judge

Date: 11/5/2013