# United States District Court
# District of Massachusetts

JORDAN RICE,
    Plaintiff,

        v.                    CIVIL ACTION NO. 2013-12046-RBC

LUIS SPENCER, et al.,
    Defendants.

# *MEMORANDUM AND ORDER ON SCREENING OF PLEADINGS UNDER 28 U.S.C. §§ 1915(e)(2) and 1915A*

COLLINGS, U.S.M.J.

    For the reasons set forth below, the Court directs the plaintiff to show cause why this action should not be dismissed.

### *I. Introduction*

    Before the Court are two pro se pleadings filed by Jordan Rice, who is incarcerated at MCI Cedar Junction. The first-filed pleading is captioned as a "Complaint with Jury Demand" (docket entry #20) ("Complaint"). In the Complaint, Rice identifies as plaintiffs himself, twenty-three individuals, "Citizens of the United States of America," and "Past, Present and Future Prisoners incarcerated in the Department of Corrections." Rice and eighteen other plaintiffs

are current prisoners.  One plaintiff is a former prisoner.  The other named plaintiffs are interested citizens (family or friends of the prisoner plaintiffs).  Rice identifies 200 correctional officers, prison officials, and prison medical providers as defendants.  He also includes John Does 1-100 and Jane Does 1-100 as defendants.

Rice alleges that defendants have collectively run the Massachusetts prison system as a "Nazi concentration camp," Compl. ¶ 9, by engaging in a wide range of misconduct that includes attempting to infect the prisoners with infectious diseases by (1) forcing the plaintiffs to take blood tests with needles that have been deliberately contaminated (2) forcing inmates to shave with contaminated razors (3) giving food to inmates that has been deliberately contaminated with bodily fluids; (4) putting bodily fluids in the plaintiffs cells or personal effects; (5) stabbing the plaintiffs with sharp metal objects contaminated with infectious diseases; and (6) encouraged other "hitmen" inmates to put infectious bodily fluids in the plaintiffs food and rewarded the "hitmen" inmates with special privileges. Rice also alleges that the defendants have engaged in racial discrimination, assaulted the plaintiffs (physically, sexually, and "chemically"), denied medical and mental health care treatment, denied access to the courts, forced inmates to commit suicide, failed to adequately respond to grievances, unlawfully seized the plaintiffs' property, placed the plaintiffs in mental health programs to avoid the plaintiffs' complaints about conditions of confinement, and unnecessarily used hand and leg restraints on the plaintiffs.

The "Partial Amendment to Complaint" (docket entry #33) ("Partial Amendment") appears to be Rice's attempt to bring a second action. In letters that he filed, Rice indicated that he was bringing a class action and an action in which he was the only plaintiff. However, the Court had only received the multi-plaintiff Complaint. Thus, it appears that the Partial Amendment–in which Rice is the sole plaintiff--is not an amendment to the multi-plaintiff action but to a complaint that was never received by the Court. In the Partial Amendment, Rice brings civil rights claims against forty-eight correctional officers, prison officials, and prison medical providers. The Partial Amendment contains 211 paragraphs of factual allegations, many of which contain allegations of multiple counts of wrongdoing by named defendants.

## II. Discussion

Where, as here, a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint and determines that it satisfies the substantive requirements of 28 U.S.C. § 1915. Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening. Both § 1915 and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein lack an arguable basis in law or in fact, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b). In conducting this review, the Court

liberally construes Rice's pleadings because he is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## A. Rule 8(a)

Here, Rice has failed to state a claim upon which relief may be granted because neither the Complaint nor the Partial Amendment meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. This rule mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation." Id. (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). Further, "only a complaint that states a plausible claim for relief" states a claim upon which relief may be granted. Ashcroft v. Iqbal, 556 U.S. 662, 679 (emphasis

4

added). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint does not show that "the pleader is entitled to relief." Id. (quoting Fed. R Civ. P. 8(a)(2) in second quotation).

The Complaint and the Partial Amendment fall far short of compliance with Rule 8(a) in several regards. Most of the allegations are purely conclusory and do not provide enough factual specificity to permit a reasonable inference that the defendants violated the law. For example, Rice makes the conclusory allegation that the defendants discriminated against specific plaintiffs the basis of race, see Compl. ¶¶ 42, 52, 57, 72, 94, 102, 107, 119, 129, 140, 149, but the Complaint does not contain any allegations about the specific conduct that was supposedly discriminatory. Allegations concerning assaults, food poisoning, denial of access to courts, and due process violations suffer the same defect. Rice fares little better in the portion of the Complaint concerning misconduct specific to him, see id. ¶¶ 151-223, and the Partial Amendment. While he does provide some dates and sometimes refers to individual defendants (instead of collectively), Rice still does not set forth minimal facts as to who did what to whom, when, where, and why. For example, in a single paragraph he alleges that, on September 15, 2012, three defendants "did seize Plaintiff's property, destroy Plaintiff's property, contaminated his property and sexually harassed him." Compl. ¶ 164. Rice does not go into any more detail regarding these alleged incidents; the preceding and following paragraphs address completely different acts of alleged misconduct. These conclusory allegations are insufficient to state a claim upon which relief may

be granted. Reference to exhibits submitted with the Complaint and Partial Amendment is insufficient to overcome the conclusory nature of the pleading. Even where exhibits are appropriate, they are not a substitute for pleading one's claim within the body of the complaint.

Further, referring to all of the defendants collectively, when it cannot be reasonably inferred that all of the defendants were involved, does not meet the requirements of Rule 8(a). See Bagheri v. Galligan, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (upholding district court's dismissal of action where the original complaint did not "state clearly which defendant or defendants committed each of the alleged wrongful acts" and the plaintiff had failed to cure the pleading deficiencies); Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a).). Rice's references to the "defendants" without identifying the individuals involved does not afford each defendant fair notice of the factual allegations and causes of action against him, her, or it.

**B.     Improper Joinder**

The Complaint and Partial Amendment also run afoul of rules concerning the joinder of parties and claims. Both pleadings contain the kitchen sink of claims that appear to little to do with each other, at least as they are currently pled. Rule 18(a) of the Federal Rules of Civil Procedure provides: "A party asserting a claim .

. . may join, as independent or alternative claims as it has against an opposing party." Fed. R. Civ. P. 18(a). However, "[d]espite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Alan Wright et al., Federal Practice and Procedure § 1655 (3d ed. 2009). As the Seventh Circuit has explained, Rule 18(a) permits multiple claims against a single party, but it does not permit the joinder of unrelated claims against different defendants. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). In George, a prisoner had filed a "sprawling" complaint containing fifty claims against twenty-four defendants, in which he alleged a variety unrelated misconduct by the defendants, including failure to provide adequate medical care, censoring his mail, and mishandling his parole. The district court dismissed some claims upon a preliminary screening and the rest of the claims on summary judgment. In upholding the dismissal of the claims and the grant of summary judgment, the Seventh Circuit cited Rule 18(a) and observed that the district court should have questioned the plaintiff's decision to join twenty-four defendants and fifty claims:

> Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule.

Id.

The Seventh Circuit also explained that Rule 20(a) of the Federal Rules of Civil Procedure precluded the plaintiff's "mishmash" complaint. See id. Rule 20(a) provides that persons may be joined as plaintiffs or defendants in a single action if "there is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a). The Seventh Circuit observed that the plaintiff "did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is 'common to all defendants.'" George, 507 F.3d at 607.

Not unlike the complaint reviewed by the Seventh Circuit in George, the Complaint and Partial Amendment contains many claims that are factually unrelated. Allegations of a universal intent by the defendants to torture the plaintiffs does not suffice. The misjoinder is compounded by the fact the pleadings often do not identify which of the defendant engaged in the alleged misconduct. The improper joinder results in a "bloated" lawsuit and evasion from the responsibility of multiple filing fees and from the risk of multiple strikes under 28 U.S.C. § 1915(g).

**C.     Filing of an Amended Complaint**

If Rice would like to pursue the claims set forth in the Complaint, he must file an Amended Complaint in compliance with Rules 8, 18, and 20 of the Federal Rules of Civil Procedure. However, Rice does not have standing to assert the

8

claims for injuries suffered by others.  See Bingham v. Massachusetts, 616 F.3d 1, 5 (1st Cir. 2010).  Further, he does not have the right to represent anyone but himself.  See 28 U.S.C. § 1654; Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); LR 83.5.3(c), D. Mass.  Moreover, each plaintiff must sign the Amended Complaint.  See Fed. R. Civ. P. 11(a).[1]

If Rice would like to pursue the claims in the Partial Amendment, he must file a Second Amended Complaint.  The Second Amended Complaint will be opened as a new case and the full filing fee will be assessed.

The Court also notes that it has received numerous letters from Rice in which he complains of misconduct by prison officials and others.  He also has provided copies of letters that he submitted to other authorities.  The Court directs Rice to cease filing such letters, as the Court cannot take any action on them and they encumber the docket.

### *III. Conclusion*

Accordingly:

1. If Rice would like to pursue the claims in the Complaint, he must, within forty-two (42) days, file an Amended Complaint.  Failure to do so may result in dismissal of this action.

---

[1] Even where the rules of joinder of claims and parties are met, significant procedural issues arise in multi-prisoner plaintiff actions.  These include (1) the need for each plaintiff to sign a document for filing, (2) the risk of pleadings being filed without the consent of each plaintiff, (3) the transitory nature of the prison population, and (4) the logistics of holding hearings.  See e.g., Ward-El v. Heyns, C.A. No. 13-13595, 2013 WL 4776114, at *3 (E.D. Mich. Sept. 6, 2013); Curry v. Cal. Dep't of Corr. & Rehabilitation, C.A. No. 09-03408, 2011 WL 855828, at *2 (N.D. Cal. Mar. 9, 2011).  In light of these difficulties, Rice and any potential co-plaintiffs should consider whether they could better pursue their claims in separate actions.

2. If Rice would like to pursue the claims in the Partial Amendment, he must, within forty-two (42) days, file a Second Amended Complaint. Failure to do so may result in dismissal of this action. The Second Amended Complaint will be opened and the full filing fee will be due. Rice may pay the $400 filing fee up front or seek leave to proceed <u>in forma pauperis</u>.

SO ORDERED.

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

Date: 5/29/2014